UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

ELIJAH LIBBETT,

       Plaintiff,

v.                                   Case No. 1:13-CV-1347

RYAN MAESEN,                   HON. GORDON J. QUIST

       Defendant.

_____/

**OPINION**

       Plaintiff, Elijah Libbett, proceeding pro se, has filed a complaint against Ryan Maesen, an attorney who represented Libbett and others in a state-court negligence claim against a funeral home. Libbett alleges that on the eve of trial, Maesen settled the claim without authorization or permission from Libbett and the other plaintiffs. Libbett alleges that, by entering into the settlement, Maesen violated Libbett's Sixth Amendment rights to the effective assistance of counsel and a jury trial.

       On January 8, 2014, the magistrate judge issued an order granting Libbett leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Libbett's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v.*

*Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). As set forth below, the Court concludes that Libbett's complaint must be dismissed as required by § 1915(e)(2) because it fails to state a claim.

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Although Libbett does not specifically reference 42 U.S.C. § 1983 in his complaint, the Court construes Libbett's claims as brought pursuant to that statute because the Sixth Circuit does not recognize direct claims for constitutional violations apart from claims under § 1983. *See*

*Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036, 109 S. Ct. 859 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

Libbett's claims fail for two reasons.  First, Libbett fails to allege that Maesen was a state actor while representing Libbett and the other plaintiffs in the state-court civil case.  Even if Libbett had done so, his allegation would have failed as a matter of law because private attorneys are not state actors for purposes of § 1983.  *See Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes.") (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 450 (1981)); *Elrod v. Mich. Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004) (holding that the plaintiff's criminal defense attorney could not be deemed a state actor under § 1983 absent a factual allegation that the attorney conspired with state officials).

Libbett's claims also fail because "the Sixth Amendment does not provide a right to counsel in . . . civil cases."  *Hardy v. Vieta*, 407 F. App'x 1, 2 (6th Cir. 2010) (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)); *see also York v. King*, No. 97-6016, 1999 WL 455299, at *2 (6th Cir. June 23, 1999) (stating that "York simply does not have a Sixth Amendment right to the effective assistance of counsel in a civil proceeding and may not challenge an adverse judgment based upon the alleged ineffective assistance of counsel").  Similarly, the Sixth Amendment right to a jury trial is limited to criminal trials.  *See Szeklinski v. City of Oak Creek*, No. 04-1040, 2006 WL 372604, at *4 (E.D. Wis. Feb. 16, 2006) ("The Sixth Amendment right to a jury trial does not attach to civil proceedings."); *McCall v. Shields Assocs., Inc.*, 617 F. Supp. 244, 246 (D.D.C. 1985) ("By its terms,

the Sixth Amendment has no relevance to civil proceedings but instead serves to guarantee [ ] an impartial jury trial in *criminal* prosecutions.") (internal quotation marks omitted) (omission and emphasis in original).

For the foregoing reasons, Libbett fails to state a claim, and his complaint must be dismissed.

An Order consistent with this Opinion will be entered.


Dated:  January 14, 2014                          /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE

4